UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CLAUDE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-0205-SNLJ |
| | ) |
| LASALLE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant LaSalle Bank's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff opposes the motion. For the following reasons, the Court will grant the motion to dismiss.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Defendant argues that plaintiff's complaint fails to establish that the Court has subject matter jurisdiction over plaintiff's claims. In the complaint, plaintiff alleges that he is a resident of St. Louis, Missouri, and that the defendant is located in Chicago, Illinois. Plaintiff further alleges that the amount in controversy is $25,319.84. Pursuant to 28 U.S.C. § 1332, in order for the Court to exercise diversity jurisdiction, complete diversity among the parties must exist and the amount in controversy must exceed

$75,000.00, exclusive of interests and costs.  "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."  15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

For diversity purposes, a corporation is a citizen of both the state in which it is incorporated and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Here, plaintiff has failed to allege defendant's place of citizenship.  Although the complaint alleges that defendant is located in Illinois, this allegation is inadequate as to defendant's state of incorporation and principal place of business.  Furthermore, the amount in controversy does not exceed $75,000.00.  The Court finds that the allegations of the complaint are insufficient to establish subject matter jurisdiction.

The Court further finds no allegations sufficient to establish federal question jurisdiction.  Plaintiff asserts state law claims of breach of contract, wrongful foreclosure, and slander of title.  He does not maintain that his claims arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction and, therefore, the complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [ECF #11] is **GRANTED**.

Dated this 25th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE